VERONICA A.F. NEBB
City Attorney, SBN 140001
By:  KATELYN M. KNIGHT
Assistant City Attorney, SBN 264573
CITY OF VALLEJO, City Hall
555 Santa Clara Street, Third Floor
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:     (707) 648-4687
Email: katelyn.knight@cityofvallejo.net

Attorneys for Defendants CITY OF VALLEJO,
MICHAEL JONES and NICKOLAS SLOAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| ANGEL BAGOS, an individual, | Case No. 2:20-cv-00185-DAD-AC |
|---|---|
| Plaintiff, | **STIPULATION TO EXAMINATION [FRCP 35]; [~~PROPOSED~~] ORDER** |
| v. | |
| CITY OF VALLEJO, a municipal corporation; NICKOLAS SLOAN in his individual capacity as a law enforcement officer for the CITY OF VALLEJO; MICHAEL JONES in his individual capacity as a law enforcement officer for the CITY OF VALLEJO; and DOES 1-50, | |
| Defendants. | |

WHEREAS, Plaintiff ANGEL BAGOS has alleged a claim that Plaintiff suffered a brain injury in connection with his arrest underlying this action; and

WHEREAS, the parties have agreed that Defendants may conduct a neuropsychological examination of Plaintiff; and

WHEREAS, Defendants have retained Catherine L. Marreiro, PhD, ABPP for the purposes of performing the examination;

IT IS HEREBY STIPULATED by and between Plaintiff ANGEL BAGOS, by and through his Guardian ad Litem JAMES BAGOS, and Defendants CITY OF VALLEJO, MICHAEL JONES, and NICKOLAS SLOAN, through their designated counsel, that Plaintiff will undergo a neurological examination pursuant to Rule 35 of the Federal Rules of Civil

Procedure as follows:

1. Said examination shall take place on April 25, 2025, at 9:00 a.m. and will be conducted by Catherine Marreiro, PhD, ABPP-CN at the offices of Bay Area Cognitive Health, 533 Airport Blvd, Suite 400, Burlingame, California 94010, Telephone (650) 770-2224. The examination may be rescheduled on reasonable notice by agreement of the parties.

2. This examination will be conducted for the purpose of determining the nature and extent of Plaintiff's physical injuries and the relationship thereof to the accident which is the subject of this litigation. Dr. Marreiro shall conduct the examination of Plaintiff, which total examination (from start to finish and including any written testing) may take up to 7 hours, not including any reasonable and appropriate breaks or lunch Plaintiff may take as needed. The exam involves history taking and observation of the Plaintiff to gather information in specific areas. These areas shall include current complaints for which Plaintiff might seek care, and the history of alleged injuries, including Plaintiff's subjective report of the events leading to injuries. The examination will also gather information concerning the development of psychological and physical symptoms, which treatments Plaintiff has received, and the effect of those treatments on Plaintiff's symptoms.

3. The examination will gather important information about past psychological and medical illnesses and difficulties, past behavioral difficulties, and educational and occupational history. It will also gather important developmental information concerning the Plaintiff's family of origin, including psychological, medical, and educational difficulties within her family, and their educational background, work history, and social developmental history, including information about marriages and children. Simultaneous with the first part of the examination, Dr. Marreiro will make observations and inquiries necessary for a mental status evaluation of the Plaintiff, including Plaintiff's moods, thought processes, and thought content.

4. Plaintiff will not be questioned concerning conversations with counsel, or any person affiliated with counsel or counsel's offices, counsel's evaluation of any of Plaintiff's claims against any of the Defendants, nor is Plaintiff to be questioned about any discussions Plaintiff has had with counsel regarding such evaluations, as that is invasive of the attorney-

1  client and attorney work product privileges.

2      5. In conjunction with the interview and information gathering, the examination will
3  include a series of standardized and validated psychological and neuropsychological tests.  The
4  tests are not duplicative of the examination interview and are accepted by the psychological and
5  neuropsychological community as useful for an informed and objective opinion as to the cause,
6  nature, and degree of emotional distress and cognitive dysfunction being claimed by the Plaintiff.
7  The parties agree that the test battery Dr. Marreiro uses is flexible and, to some extent, depends
8  on the nature of symptoms presented.  As a consequence, the following list of anticipated tests is
9  provisional, with some omissions or substitutions likely:

- A4/17/2025CS-Test of Premorbid Functioning
- Delis-Kaplan Executive Function System (subtests)
- Wechsler Adult Intelligence Scale IV
- Wechsler Memory Scale IV (subtests)
- Wide Range Assessment of Memory and Learning, 3rd Edition (subtests)
- B-Test
- Brief Visuospatial Memory Test – Revised
- Brown Location Test
- Conners Continuous Performance Test – 3 or Test of Variable Attention
- Dot Counting
- Boston Naming Test
- NAB Naming Test
- Controlled Oral Word Association Test
- Animal Naming test
- Repetition of phrases task
- Victoria Symptom Validity Test
- Rey Auditory Verbal Learning Test OR California Verbal Learning Test – II or III
- Letter-Digit Substitution Test

1 • Victoria Stroop Test
2 • Word Choice Test
3 • Stroop Color Word Test (Golden)
4 • TOMM
5 • Ruff Figural Fluency Test
6 • Rey Figure Copy
7 • Wisconsin Card Sorting Test – CV OR Wisconsin Card Sorting Test OR
8   Wisconsin Card Sorting Test – 64
9 • Grooved Pegboard Test
10 • Wide Range Achievement Test – Fifth Edition
11 • Woodcock Johnson Tests of Achievement – 4th Edition (subtests)
12 • Minnesota Multiphasic Personality Inventory- 3rd Edition OR Minnesota
13   Multiphasic Personality Inventory-2-Restructured Format (MMPI-2-RF) Or
14   Personality Assessment Inventory (PAI)
15 • Trauma Symptom Inventory – 2
16 • Word Memory Test

6. At the conclusion of any testing of Plaintiff by Dr. Marreiro, a copy of "raw data" generated by the exam and all test results regarding Plaintiff shall be exchanged simultaneously with Plaintiff's neuropsychological expert only. With respect to the raw data generated and all test results regarding Plaintiff (hereinafter "Data"), the parties agree to the following:

- Access to "raw data" created in the testing is limited to, and shall be exchanged only, between licensed neuropsychologists retained by the parties, and shall not be shared with counsel, or other experts.
- Use of Data is limited to only that which is required for the resolution of the pending action;
- "Raw Data" defined above, is subject to the terms of this Stipulation and may be used only for limited purposes in connection with this action;
- At the conclusion of the proceeding, any non-privileged Data in

Defendants' counsel's possession will be destroyed, along with all copies thereof, save the Data in possession of Dr. Marreiro (not including Dr. Marreiro's formal written report) and

- The parties shall seek to seal the record to the extent any portion of non-privileged Data are disclosed in pleadings, testimony, exhibits, or other documents which would otherwise be available for public inspection.

- All "raw data", and test results generated by Plaintiff's neuro-psych experts in this action, when completed, shall be delivered directly to Dr. Marreiro via email. All reports generated from this testing shall be provided to Defense counsel pursuant to Federal Rule of Civil Procedure 35(b).

7. Dr. Marreiro will review her consent form with Plaintiff who will be asked to sign the consent following review of the content with Dr. Marreiro. The consent form shall be provided to Plaintiff's counsel in advance. The consent form outlines the purpose of the evaluation, the lack of a doctor-patient relationship, lack of direct feedback from Dr. Marreiro regarding results, retaining party (responsible for payment and recipient of results/report), and limits of confidentiality (e.g., disclosure of abuse/neglect of children or vulnerable adults, disclosure of imminent risk of suicide/harm to others).

8. Plaintiff shall be entitled to take reasonable breaks during the examination process, including, but not limited to taking a lunch break, rest breaks and bathroom breaks. If at any time during the proceedings, Plaintiff feels in reasonable good faith that the proceeding has become abusive, Plaintiff will immediately notify counsel or other designated representative in order to try to resolve the matter at that time. Plaintiff has the right to terminate the proceeding and seek a protective order from the Court. If the parties are unable to resolve the issue, should the Court order that the examination be reconvened, Defendants will have up to 8 hours, including prior time spent and not including reasonable and appropriate breaks and lunch, to complete the examination originally ordered by the Court, but not any additional time.

9. No invasive or painful procedures will be utilized. This evaluation will be conducted in conformity with FRCP 35 and applicable case law. Specifically, pursuant to

*Ragge v. MCA/Universal*, 165 F.R.D. 605, 610 (C.D. Cal. 1995) and *Underwood v. Fitzgerald*, 229 F.R.D. 548, 550 (M.D. Tenn. 2005), the parties have stipulated that no videotaping or third-party observation (by any person, including but not limited to, attorneys and court reporters) will be allowed in connection with the examination.  Dr. Marreiro will audio record the interview portion of the exam.  Plaintiff may also audio record the interview.  If Plaintiff does not audio record the interview portion on her own, Dr. Marreiro will provide access to this recording to counsel for Plaintiff upon request.  Dr. Marreiro will accommodate all reasonable requests to accomplish this recording, including, but not limited to, taking any necessary breaks during the examination, taking a break if technical difficulties arise, and making available all other reasonable accommodations to allow the effective recording the defense mental examination.

10. Defendants are to immediately transmit a copy of this Stipulation and Order to Dr. Marreiro to promptly advise her that she must comply with the Order, and by proceeding with the examination, Dr. Marreiro will be deemed to have consented to its terms and to have consented to this court asserting jurisdiction over her to enforce this order.

////

////

////

11. Pursuant to FRCP 35(b), Defendants shall, on request, deliver a copy of Dr. Marreiro's report to Plaintiff's counsel. Dr. Marreiro's report shall be in writing and shall set forth in detail all findings, diagnoses, conclusions, and the results of any tests. Defendants are entitled to receive and Plaintiff shall provide any like reports of earlier or later examinations of the same condition. By requesting and obtaining the examiner's report, or by deposing the examiner, the Plaintiff waives any privilege it may have—in that action or any other action involving the same controversy—concerning testimony about all examinations of the same condition.

**SO STIPULATED.**

Dated: March 24, 2025

LAW OFFICES OF
KENNETH CHIKE ODIWE, PC

 /s/ K. Chike Odiwe (as authorized on 03/24/2025)
K. CHIKE ODIWE
Attorney for Plaintiff ANGEL BAGOS

Dated: March 25, 2025

 /s/ Katelyn M. Knight
KATELYN M. KNIGHT
Assistant City Attorney
Attorney for Defendants CITY OF VALLEJO, MICHAEL JONES and NICKOLAS SLOAN

**SO ORDERED**

DATED: March 31, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE